IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | |
| MICHAEL SMITH, JR., | * | CRIMINAL NO. JKB-14-0479 |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court are three Motions filed by Michael Smith, Jr. (ECF Nos. 1028, 1044, 1045.) His Motions will be denied.

Mr. Smith seeks the appointment of counsel to represent him in connection with a "new law[,] United States v. Robinson, Hero's Act[.]" (ECF No. 1028.) However, there are several cases titled *United States v. Robinson*, and it is not apparent how or whether any apply to Mr. Smith's circumstance. *See, e.g., United States v. Robinson*, 414 U.S. 218 (1973) (relating to custodial arrests and searches incident to arrest); *United States v. Robinson*, 55 F.4th 390 (4th Cir. 2022) (discussing speedy trial rights, jury instructions relating to but-for causation, and the sufficiency of the evidence supporting convictions). Further, the Court understands Mr. Smith's reference to the "Hero's Act" to be a reference to the Health and Economic Recovery Omnibus Emergency Solutions Act ("HEROES Act"). The Court is unable to discern any relief to which Mr. Smith may be entitled under this Act. Mr. Smith also seeks appointment of counsel to represent him in connection with Amendment 817 to the United States Sentencing Guidelines. (ECF No. 1044.) However, Amendment 817 is not retroactive, and thus does not provide a basis for a reduction in his sentence.

Under these circumstances, it is not in the interests of justice to appoint Mr. Smith counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."); *United States v. Aigbekaen*, Crim. No. JKB-15-0462, 2024 WL 713903, at *1 (D. Md. Feb. 21, 2024) ("[T]he Court has discretion to appoint counsel in post-conviction proceedings if the interests of justice so require."). Accordingly, the Court will deny Mr. Smith's Motions to Appoint Counsel. (ECF Nos. 1028 and 1044.)

Finally, Mr. Smith seeks a reduction in his sentence pursuant to the First Step Act. (ECF No. 1045.) He explains that in 2010, the Fair Sentencing Act altered mandatory minimum penalties associated with cocaine base offenses and that the First Step Act made the Fair Sentencing Act retroactive. (*Id.*) While this is true, Mr. Smith was sentenced in 2016, after the enactment of the Fair Sentencing Act. His Motion therefore does not provide a basis for relief. *See United States v. Jones*, Crim. No. 4:11-59-1H, 2021 WL 1669034, at *1 (E.D.N.C. Apr. 28, 2021) ("He was sentenced after the enactment of the Fair Sentencing Act. Therefore, section 404 of the First Step Act does not apply to defendant[.]").

Accordingly, it is ORDERED that Mr. Smith's Motions (ECF Nos. 1028, 1044, 1045) are DENIED.

DATED this 6 day of June, 2024.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge

2